**IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| FABRICE ROUZIER, an individual, and B.E. RELATIONS, LLC, a New York limited liability company,<br><br>                              Plaintiffs,<br><br>  -against-<br><br>JOE GILLES a/k/a JOÉ DWÈT FILÉ, DF EMPIRE, PLAY TWO, DAMINI OGULU a/k/a BURNA BOY, ATLANTIC RECORDS GROUP, UNIVERSAL MUSIC PUBLISHING FRANCE, and DANIEL FILS AIMÉ a/k/a TONTON BICHA,<br><br>                              Defendants. | Case No.: **1:25-cv-2226**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND
VIOLATION OF NEW YORK CIVIL RIGHTS LAW §§ 50 AND 51**

Plaintiffs FABRICE ROUZIER and B.E. RELATIONS, LLC ("Plaintiffs"), for their

Complaint against Defendants JOE GILLES a/k/a JOÉ DWÈT FILÉ ("Dwèt Filé"), DF

EMPIRE, and PLAY TWO (collectively, the "Dwèt Filé Defendants") and DAMINI OGULU

a/k/a BURNA BOY ("Burna Boy"), ATLANTIC RECORDS GROUP and UNIVERSAL

MUSIC PUBLISHING FRANCE (collectively, the "Burna Boy Defendants") and DANIEL

FILS AIMÉ a/k/a TONTON BICHA ("Tonton Bicha") (all defendants collectively as

"Defendants"), allege as follows:

## <u>INTRODUCTION</u>

1.      Plaintiff Fabrice Rouzier is a well-known and highly regarded Haitian music

composer, pianist, producer, and entrepreneur who has been involved in the Haitian music industry

for more than 25 years. He has authored classic Haitian musical compositions including the

musical composition and sound recording that is the subject of this suit – *Je Vais*.  Plaintiff B.E. Relations is the publisher of Mr. Rouzier's music catalog.

2.      In the fall of 2024, Defendant Joé Dwèt Filé released the musical composition *4 Kampe* that intentionally and substantially copies and infringes the copyright in Mr. Rouzier's *Je Vais* music composition and the sound recording for such work.  *4 Kampe* is a derivative work of *Je Vais* that builds upon the *Je Vais* story narrative.  Defendant Dwèt Filé has admitted copying and sampling Mr. Rouzier's *Je Vais* in his work *4 Kampe* specifically because it is widely known among Haitians and they would recognize it.

3.      .  Without authorization, Defendant Dwèt Filé also intentionally used significant excerpts from the official music video for *Je Vais* throughout the official 4 Kampe Music Video. Such infringing 4 Kampe Music Video also features, without authorization, a full frame image of Mr. Rouzier that had been featured in the Je Vais Music Video.  Defendant Dwèt Filé has intentionally copied the Je Vais Music Video, used Mr. Rouzier's image without consent, and has taken other actions to exploit and bolster the connection of *4 Kampe* to the original musical composition of *Je Vais*.

4.      Defendant Dwèt Filé's work *4 Kampe* has been extremely successful, and he has touted the extensive streaming of his work on Spotify, all due to *4 Kampe's* infringement of *Je Vais*.  As of April 17, 2025, You Tube Music alone reports that *4 Kampe* has been played 100 million times.  Defendant Dwèt Filé is being asked to perform *4 Kampe* worldwide including recently with Usher.

5.      Defendant Dwèt Filé regularly performs in New York.  On or about this past November 29, 2024, Defendant Dwèt Filé performed in Brooklyn, New York and featured the infringing *4 Kampe* musical composition as a part of his set.  In addition, he also invited Tonton Bicha, who had performed at Mr. Rouzier's request in the Je Vais Music Video, to participate in

the Brooklyn performance of *4 Kampe*. Defendant Dwèt Filé featured the infringing *4 Kampe* music composition in the New York performance and a video clip of the *4 Kampe* performance in New York on his Instagram page stating: "Thanks New York." Defendant Tonton Bicha had no authorization to perform any portion of the *Je Vais* music composition, and his performances infringe Plaintiff Rouzier's copyright interest in the *Je Vais* music composition.

6.     On or about March 28, 2025, Defendant Dwèt Filé released with Burna Boy, a Nigerian singer, a remix of *4 Kampe* called *4 Kampe II*. *4 Kampe II* continues to rely upon the story narrative of Je Vais and to mimic similar lyrics including "Cherie, ou sou sa kampe" in French ("Darling, if you are in the mood, let's do this in the standing position"), which refrain is repeated several times in *4 Kampe II*. The only reason that this remix was released with Burna Boy was due to the earlier success of *4 Kampe*.

7.     The Dwèt Filé Defendants and the Burna Boy Defendants have disregarded all requests by Plaintiffs to cease such infringing use, to provide information about the revenues collected and to resolve this matter.

8.     Plaintiffs seek all available damages and remedies, including actual monetary damages, statutory damages, attorneys' fees and preliminary and permanent injunctive relief.

## JURISDICTION

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as the action arises under the original and exclusive jurisdiction of the federal court and 28 U.S.C. 1338(a) and the Copyright Act of 1976 (17 U.S.C. 101 *et seq.*).

## VENUE

10.    Venue is proper pursuant to 28 U.S.C. 1391(b)(3) as events giving rise to the claim have taken place in Brooklyn, New York, including Plaintiffs having been harmed there, including the performance of *Je Vais* in the infringing *4 Kampe* by Defendant Dwèt Filé and Tonton Bicha in

Brooklyn, New York.

## PARTIES

11.　　Plaintiff Fabrice Rouzier is an individual who resides in Miami, Florida.

12.　　Plaintiff B.E. Relations LLC is the publishing company who Mr. Rouzier has designated to handle his music catalog.  B.E. Relations is located in New York, New York.

13.　　Defendant Joe Gilles a/k/a Joé Dwèt Filé is an individual, upon information and belief, with offices at 53 Ave. du Bois de la Pie, 93290 Tremblay-en-France, France.

14.　　Defendant DF Empire is a French company, upon information and belief headed by Joé Dwèt Filé and based in France with an address at 3 Rue des Parouzets, Stains, 93240, France.

15.　　Play Two is a simplified joint stock company based in France with an address at 63b Rue de Sevres, 92100, Paris, France.

16.　　Burna Boy is an individual residing in Nigeria via his agent at Atlantic Records with offices at 1633 Broadway, New York, New York 10019.

17.　　Defendant Atlantic Records Group is located in New York with offices at 1633 Broadway, New York, New York 10019.

18.　　Defendant Universal Music Publishing France is a French company located at 16 Rue de Fosses St. Jacques, 75005 Paris, France.

19.　　Tonton Bicha is an actor who lives in Florida and who, without authorization, performed portions of *Je Vais* along with Defendant Dwèt Filé's in a performance of *4 Kampe* in Brooklyn, New York.

## FACTUAL BACKGROUND

***Mr. Rouzier wrote* Je Vais *and created and produced the sound recording for* Je Vais**

20.　　Plaintiff Rouzier is a legendary Haitian musician and producer.  He is credited with having an imprint on 260 Haitian music albums.

21.　　In 2002, Mr. Rouzier wrote the original music and lyrics for *Je Vais*.

5

22.     A U.S. copyright registration, Reg No. PA 2-522-140, issued for the music and lyrics for *Je Vais* effective as of February 4, 2025.

23.     In 2002, Mr. Rouzier created and produced the master sound recording for *Je Vais*.

24.     A U.S. copyright registration, Reg. No. SR 1-025-328, issued for the master sound recording for *Je Vais* effective as of February 4, 2025.

25.     Mr. Rouzier invited Tonton Bicha to participate in performances of *Je Vais*.  Mr. Bicha is a comedic actor and did not write any of the music or lyrics for *Je Vais;* he was asked to perform the *Je Vais* lyrics written by Plaintiff Rouzier.  Mr. Bicha became known for participating in performances of *Je Vais*.

26.     *Je Vais* became a classic Haitian musical composition.  In the story narrative featured in *Je Vais*, a man tells a story about a young prostitute he encountered.  She advises the man that she charges $20 for a lying down session and $5 for a standing up session.  The lyrics proceed to say, in Haitian Creole "ak 20 dola ban-m *4 kanpe* a 5 dola" (emphasis added) as translated into English: "With 20 dollars, give me 4 'standing up.'"  The man says he has $20, and he will take 4 standing up sessions subtly hinting that he wants to maximize the value and that he has the stamina for 4 sessions. The lyrics continue:

> **4 kanpe** alon granmoun sovaj (4 "standing up" what a savage old man)
> **4 kanpe**... granmoun devègonde (4 "standing up" what a wanton old man)
> **4 kanpe** ...alon granmoun move (4 "standing up" what a bad old man)
> ….
> **4 kanpe**... gad jan-on granmoun kinte (4 "standing up" This old man won the card game)
> **4 kanpe** ... alon granmoun sovaj (4 "standing up" what a savage old man)
> **4 kanpe**... granmoun nan move vre (4 "standing up" that old man is really bad).

(emphasis added).

27.    *Je Vais* has been available for online purchasing and streaming and is readily accessible.

28.    In 2003, Plaintiff Rouzier produced the Je Vais Music Video which he contributed to as an author in connection with his direction and the content of such video. The musical composition *Je Vais* was included on such video.

29.    The Je Vais Music Video was used to advertise the *Je Vais* music composition. Plaintiff Rouzier's image was included in the Je Vais Music Video, and he is recognizable on such video.

30.    On April 21, 2025, Plaintiff Rouzier as claimant has filed a copyright application with the U.S. Copyright Office for such audio-visual work.

**Mr. Dwet File created** **4 Kampe** *as a derivative work based on* **Je Vais**

31.    On or about October 25, 2024, Defendant Dwèt Filé, a French Haitian singer, released the music composition *4 Kampe* which substantially copies and samples from the *Je Vais* music composition. The work *4 Kampe* copies the music, lyrics and overall narrative of *Je Vais* and its sound recording:

      a.    drawing the song name *4 Kampe (in French)* from the line repeated multiple times in *Je Vais* ("*4 kanpe*" in Haitian Creole) meaning "4 standing" in English;

      b.    integrating the story narrative of *Je Vais* into *4 Kampe*;

      c.    mimicking similar lyrics including "Cherie, ou sou sa kampe" in French ("Darling, if you are in the mood, let's do this in the standing position"), which is repeated as a refrain several times in *4 Kampe*.

32.    *4 Kampe* directly incorporates music excerpts from the master sound recording of *Je Vais* into *4 Kampe* at several places to enforce the connection to *Je Vais*:

a. Introduction of *4 Kampé* (00:00 – 00:20) contains a compilation of edits from *Je Vais* as follows:

    i. Part A: 04:02.40 – 04:08.06

    ii. Part B: 04:21.12 – 04:26.17

    iii. Part C: 04:16.00 – 04:26.07

    Parts B and C are looped once more in the introduction.

b. From 2:55 – 2:58 in *4 Kampe* the audio is taken from Je *Vais* (04:19.00 – 04:21.09).

c. *4 Kampe* (03:26 – 03:29.13) also uses audio from *Je Vais* (starting at 04:19.00).

33.    Upon information and belief, Dwèt Filé and the other Dwèt Filé Defendants had access to the sound recording of *Je Vais,* which was readily accessible, and the *4 Kampe* music composition could not have been created without access to *Je Vais*.

34.    Dwèt Filé and the other Dwèt Filé Defendants were not given consent to use the music and lyrics of *Je Vais* authored Plaintiff Rouzier and/or the sound recording for *Je Vais* owned by Plaintiff Rouzier which is subject to a publishing agreement with B. E. Relations.

35.    Upon information and belief, the Dwèt Filé Defendants knew or had reason to know that *4 Kampe* is an unauthorized derivative work based on *Je Vais*.

36.    *4 Kampe* is a derivative work of *Je Vais* and not an original work. *4 Kampe* relies on crucial parts of *Je Vais* for its musical identity, and such copying was willful.

37.    To further bolster the connection between *Je Vais* and *4 Kampe*, Dwèt Filé invited Tonton Bicha to perform *4 Kampe* with him, specifically having Tonton Bicha perform those portions of *Je Vais* that were copied into *4 Kampe* including at a performance in Brooklyn, New York in December 2024. Dwèt Filé posted clips of the performance to his Instagram page, one photograph of which is shown below.



38.    In another effort to link *4 Kampe* with the musical composition *Je Vais*, Dwèt Filé

and the other Dwèt Filé Defendants substantially copied and used without authorization portions of

9

the official Je Vais Music Video in music video created and released for *4 Kampe* (the "4 Kampe Music Video"). Upon information and belief, the 4 Kampe Music Video was released close in time to the release of the *4 Kampe* music composition.

39.     In the official 4 Kampe Music Video, at least 8 visual excerpts from the Je Vais Music Video are used throughout the 4 Kampe Music Video at the following points:

01:10 – 01:11

01:17 – 01:18

01:57 – 01:58

02:10 – 02:11

02:52 – 02:53

02:59 – 03:00

03:15 – 03:16

03:21 – 03:23

The use of multiple clips from Je Vais Music Video was an intentional effort to link the *4 Kampe* musical composition to the *Je Vais* musical composition and sound recording. One of the excerpts is below:



    40.    Defendant Dwèt Filé and the other Dwèt Filé Defendants included in the 4 Kampe Music Video Plaintiff Rouzier's image (as it was displayed in the Je Vais Music Video) without his written consent, approval or permission and in willful disregard of Mr. Rouzier's rights to publicity and privacy.  Below is a full frame image of Mr. Rouzier from the 4 Kampe Music Video.



41.    *4 Kampe* has been hugely successful.  As of April 17, 2025, You Tube Music reports that *4 Kampe* has been played 100 million times.

42.    Defendant Dwèt Filé has admitted copying *Je Vais* in his work *4 Kampe*.  In a recorded interview available on the Internet Dwèt Filé file stated in French: "C'est du Troubadours *Je Vais*, tu voir donc je voulais vraiment qu'il sample cette partie la, son *Je Vais* que tous les haitiens connaissent en vrai." (It's the Troubadors *Je Vais* so I really wanted to sample a part of *Je Vais* which all Haitians know in real life").  By his own admission, Dwèt Filé copied and sampled *Je Vais* because the music composition *Je Vais* is widely known among Haitians and they would readily recognize it in his *4 Kampe* work.

43.    In many reviews of *4 Kampe*, the authors have noted that the work *4 Kampe* copies *Je Vais*. As an example, see https://heruvision.com/2024/12/06/joe-dwet-file-4-kampe-a-haitian-anthem-taking-the-world-by-storm/ last visited on April 20, 2025.

***Defendant Dwèt Filé and Burna Boy released a remix called* 4 Kampe II, *further infringing the* Je Vais *musical composition***

44.     On or about March 28, 2025, Defendant Dwèt Filé released with Burna Boy a remix of *4 Kampe* called *4 Kampe II*.  Burna Boy is a Nigerian singer, songwriter and producer who works with Atlantic Records and Universal Music Publishing France.

45.     *4 Kampe II* continues to mimic similar lyrics including "Cherie, ou sou sa kampe" in French ("Darling, if you are in the mood, let's do this in the standing position"), which is repeated as a refrain several times in *4 Kampe*.

46.     On certain platforms, the *4 Kampe II* is referred to as *Je Vais 4 Kampe*.  As an example, see https://soundcloud.com/christopher-f-pygeol/je-vais-4-kampe, last visited on April 20, 2025.



***The Dwèt Filé Defendants and Burna Boy Defendants Have Ignored Cease and Desist Letters***

47.     Plaintiffs have never received proper credits for the Dwèt Filé Defendants and Burna Boy Defendants' use of the *Je Vais* music and lyrics and sound recording in the infringing *4 Kampe* and *4 Kampe II*.

48.     Plaintiffs have never received a copyright interest in and for the exploitation of the *Je Vais* music and lyrics and sound recording.

49.    Plaintiffs have never received any royalties or payment of any kind for the Dwèt Filé Defendants and Burna Boy Defendants' use of *Je Vais* in the infringing *4 Kampe* and *4 Kampe II*.

50.    On December 10, 2024 and March 28, 2025, on behalf of Plaintiff Rouzier and B.E. Relations, cease and desist letters were sent to the Dwèt Filé Defendants relating to both *4 Kampe* and *4 Kampe II*.  Those defendants have not ceased infringing the copyright in the music and lyrics of *Je Vais* and infringing the master sound recording of the work.  Each of the Dwèt Filé Defendants continues to exploit without authorization the infringing *4 Kampe* and *4 Kampe II* and infringing 4 Kampe Music Video.

51.    On March 28, 2025, on behalf of Mr. Rouzier and B. E. Relations, a cease-and-desist letter was sent to the Burna Boy Defendants relating to *4 Kampe II*'s infringement of *Je Vais*. The Burna Boy Defendants have not ceased infringing the copyright in the music and lyrics of *Je Vais* and infringing the master sound recording of the work.  Each of such defendants continues to exploit the infringing *4 Kampe II*.

## COUNT I

### COPYRIGHT INFRINGEMENT AGAINST THE DWÈT FILÉ DEFENDANTS FOR THE UNAUTHORIZED COPYING AND SAMPLING OF *JE VAIS* IN *4 KAMPE*

52.    The preceding paragraphs are realleged and incorporated herein by reference as if fully set forth herein.

53.    In 2002, Plaintiff Rouzier authored the music and lyrics for the original work *Je Vais*.

54.    In 2002, Plaintiff Rouzier produced, and he owns, the master sound recording for *Je Vais*.

55.     Plaintiff Rouzier is the rightful owner of the copyright in the musical composition, music and lyrics, and sound recording for *Je Vais*.  Plaintiff B.E. Relations is the publisher of Rouzier's music catalog.

56.     Plaintiff Rouzier registered the rights in the music composition, both music and lyrics, for *Je Vais*, Reg. No. PA 2-522-140, and in the sound recording for *Je Vais*, Reg. No. SR 1-025-328.

57.     In the music composition *4 Kampe*, Dwèt Filé substantially copied and sampled Rouzier's music composition *Je Vais* and the sound recording for such work in a manner that is easily recognizable to the ordinary observer.  Indeed, in certain places of *4 Kampe*, Dwèt Filé directly integrated portions of *Je Vais*.  Numerous reviews of *4 Kampe* have commented on its sampling of *Je Vais* and *4 Kampe's* substantial similarities to *Je Vais*.  Dwèt Filé has admitted to the copying and sampling of *Je Vais* in the work *4 Kampe.*

58.     Defendant Dwèt Filé and the other Dwèt Filé Defendants have been involved in the exploitation, production, distribution, sale and public performance of the infringing *4 Kampe*.

59.     Defendant Dwèt Filé and the other Dwèt Filé Defendants' unauthorized reproduction, distribution, public performance, display, and creation of *4 Kampe* infringes on Rouzier's and B.E. Relations's exclusive rights in *Je Vais* in violation of the U.S Copyright Act, 17 U.S.C. §§ 101, et seq.

60.      The infringing work *4 Kampe* copies quantitatively and qualitatively the most distinct, important, recognizable, and significant portions of *Je Vais,* including using significant lyrics as its title *4 Kampe,* and certainly, the song *4 Kampe* could not exist without the infringing portions of *Je Vais*.

61.    From the date of the creation of the infringing work *Je Vais*, Dwèt Filé and the other Dwèt Filé Defendants have infringed on Plaintiffs' copyright interest in the music composition *Je Vais* and the sound recording for such work.

62.    Dwèt Filé has admitted copying and sampling the music composition Je Vais in his work *4 Kampe* specifically because it was well known among Haitians and they would readily recognize its use in his work *4 Kampe.*

63.    On or about this past November 29, 2024, Defendant Dwèt Filé performed in Brooklyn, New York and featured the infringing *4 Kampe* musical composition as a part of his set. In addition, he also invited comedic actor Tonton Bicha, who had performed at Mr. Rouzier's request in the Je Vais Music Video, to participate in the New York performance of *4 Kampe*.  Mr. Filé featured the infringing *4 Kampe* music composition in the New York performance and a video clip of the *4 Kampe* performance in New York on his Instagram page stating: "Thanks New York." Defendant Tonton Bicha has no authorization to perform any portion of the *Je Vais* musical composition and his performances infringe Plaintiff Rouzier's copyright interest in *Je Vais*.

64.    By this claim, Plaintiffs Rouzier and B. E. Relations seek full payment for their sole and exclusive rights in the authorship of music and lyrics for *Je Vais* and the publishing and rights in the master sound recording of *Je Vais* since the date of the release of such work.

65.    At all relevant times, Dwèt Filé and the other Dwèt Filé Defendants' conduct has been and continues to be knowing, willful, and intentional especially given Dwèt Filé's admission to copying and sampling of *Je Vais*.

66.    As a direct and proximate result of Dwèt Filé and the other Dwèt Filé Defendants' willful conduct, Plaintiffs Rouzier and B.E. Relations have suffered actual damages, including lost profits, lost opportunities, and loss of goodwill.

67.    Pursuant to 17 U.S.C. § 504(b), Plaintiffs Rouzier and B.E. Relations are entitled to actual damages, including disgorgement of Dwèt Filé and the other Dwèt Filé Defendants' profits attributable to the infringement, as will be proven at trial.  In the alternative, pursuant to 17 U.S.C. § 504(c), Plaintiffs Rouzier and B.E. Relations are entitled to the maximum statutory damages of $150,000 per willful infringement. Pursuant to 17 U.S.C. § 505, Plaintiffs Rouzier and B.E. Relations also are entitled to their costs, including reasonable attorneys' fees and costs.

68.    Dwèt Filé and the other Dwèt Filé Defendants herein are jointly and severally liable for willful copyright infringement as all have benefited from the copying of *Je Vais* and all have violated one or more of Plaintiffs' exclusive rights under Section 106 of the United States Copyright Act.

69.    Defendant Dwèt Filé and the other Dwèt Filé Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs Rouzier and B.E. Relations irreparable injury that cannot be fully compensated or measured in monetary terms. They have no adequate remedy at law, and pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to declaratory relief and a preliminary and permanent injunction prohibiting the reproduction, distribution, sale, public performance, or other use or exploitation of the infringing work *4 Kampe.*

## COUNT II

### COPYRIGHT INFRINGEMENT AGAINST THE DWÈT FILÉ DEFENDANTS
### FOR THE UNAUTHORIZED COPYING AND USE OF THE JE VAIS MUSIC VIDEO

70.    The preceding paragraphs are realleged and incorporated herein by reference as if fully set forth herein.

71.    Plaintiff Rouzier produced and owns the music video for *Je Vais*.

72.    On April 21, 2025, Plaintiff Rouzier filed a copyright registration for the Je Vais Music Video.

73.    Plaintiff Rouzier is the rightful owner of the copyright in the Je Vais Music Video which incorporates the pre-existing sound recording of *Je Vais* also owned by Rouzier.

74.    In another effort to link *4 Kampe* with the musical composition *Je Vais*, Dwèt Filé and the other Dwèt Filé Defendants substantially copied and used without authorization portions of the official Je Vais Music Video in the 4 Kampe Music Video.

75.    In the official 4 Kampe Music Video, at least 8 visual excerpts from the Je Vais Music Video are used throughout the 4 Kampe Music Video at the following points:

01:10 – 01:11

01:17 – 01:18

01:57 – 01:58

02:10 – 02:11

02:52 – 02:53

02:59 – 03:00

03:15 – 03:16

03:21 – 03:23

The use of multiple clips from Je Vais Music Video was an intentional effort to link the *4 Kampe* musical composition to the *Je Vais* musical composition and sound recording.   One of the excerpts is below:



76.    Defendant Dwèt Filé and the other Dwèt Filé Defendants included in the 4 Kampe Music Video Plaintiff Rouzier's image (as it was displayed in the Je Vais Music Video) without his written consent, approval or permission and in willful disregard of Mr. Rouzier's rights to publicity and privacy.

77.    Dwèt Filé and the other Dwèt Filé Defendants have been involved in the exploitation, production, distribution, of the 4 Kampe Music Video to advertise *4 Kampe*.

78.    Dwèt Filé and the other Dwèt Filé Defendants' unauthorized reproduction, distribution, display, and creation of the 4 Kampe Music Video infringes on Rouzier's exclusive rights in *Je Vais* in violation of the U.S Copyright Act, 17 U.S.C. §§ 101, et seq.

79.    The infringing 4 Kampe Music Video copies distinct, important, recognizable, and significant portions of the Je Vais Music Video throughout the 4 Kampe Music Video.

80.     The infringing 4 Kampe Music Video also copies distinct, important, recognizable, and significant portions of the *Je Vais* music composition and sound recording throughout the 4 Kampe Music Video.

81.     By this claim, Plaintiffs Rouzier and B. E. Relations seek full payment for their sole and exclusive rights in the authorship of music and lyrics for Je Vais and the publishing and rights in the master sound recording of *Je Vais* and Plaintiff Rouzier seeks payment for his exclusive rights in the Je Vais Music Video.

82.     At all relevant times, Dwèt Filé and the other Dwèt Filé Defendants' conduct has been and continues to be knowing and willful.

83.     As a direct and proximate result of Defendant Dwèt Filé and the other Dwèt Filé Defendants' willful conduct, Plaintiffs Rouzier and B.E. Relations have suffered actual damages, including lost profits, lost opportunities, and loss of goodwill.

84.     Pursuant to 17 U.S.C. § 504(b), Plaintiffs Rouzier and B.E. Relations are entitled to actual damages, including disgorgement of Dwèt Filé and the other Dwèt Filé Defendants' profits attributable to the infringement, as will be proven at trial.  In the alternative, pursuant to 17 U.S.C. § 504(c), Plaintiffs Rouzier and B.E. Relations are entitled to the maximum statutory damages of $150,000 per willful infringement. Pursuant to 17 U.S.C. § 505, Plaintiffs Rouzier and B.E. Relations also are entitled to their costs, including reasonable attorneys' fees and costs.

85.     Dwèt Filé and the other Dwèt Filé Defendants herein are jointly and severally liable for willful copyright infringement as all have benefited from the copying of Je Vais Music Video and the *Je Vais* musical composition and sound recording contained in the 4 Kampe Music Video, and all have violated one or more of Plaintiffs' exclusive rights under Section 106 of the United States Copyright Act.

86.     Dwèt Filé and the other Dwèt Filé Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs Rouzier and B.E. Relations irreparable injury that cannot be fully compensated or measured in monetary terms. They have no adequate remedy at law, and pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to declaratory relief and a preliminary and permanent injunction prohibiting the reproduction, distribution, sale, public performance, or other use or exploitation of the infringing work 4 Kampe Music Video.

## COUNT III

### COPYRIGHT INFRINGEMENT AGAINST THE DWÈT FILÉ AND BURNA BOY DEFENDANTS FOR THE UNAUTHORIZED COPYING AND SAMPLING OF *JE VAIS* IN *4 KAMPE II*

87.     The preceding paragraphs are realleged and incorporated herein by reference as if fully set forth herein.

88.     Plaintiff Rouzier authored the music and lyrics for the original work *Je Vais*.

89.     Plaintiff Rouzier produced and owns the master sound recording for *Je Vais*.

90.     Plaintiff Rouzier is the rightful owner of the copyright in the musical composition, music and lyrics and sound recording for *Je Vais*.  Plaintiff B.E. Relations is the publisher of Rouzier's music catalog.

91.     Plaintiff Rouzier registered his rights in the music composition, both music and lyrics, Je Vais, Reg. No.PA 2-522-140, and in the sound recording of *Je Vais*, Reg. No. SR 1-025-328.

92.     In the music composition *4 Kampe*, Dwèt Filé substantially copied and sampled Rouzier's music composition *Je Vais* and the sound recording for such work in a manner that is easily recognizable to the ordinary observer.  Indeed, in certain places of *4 Kampe*, Dwèt Filé directly integrated portions of *Je Vais*.  Numerous reviews of *4 Kampe* have commented on its sampling of *Je Vais* and *4 Kampe* similarities to *Je Vais*.  Dwèt Filé has admitted to the copying

and sampling of *Je Vais* in the work *4 Kampe* because it was well known among Haitians and they would readily recognize its use in his work *4 Kampe*.

93.    Dwèt Filé and the other Dwèt Filé Defendants have been involved in the exploitation, production, distribution, sale and public performance of the infringing *4 Kampe*.

94.    Drawing upon the huge success of *4 Kampe*, Dwèt Filé created a remix of 4 Kampe with Burna Boy which was released on or about March 28, 2025 and is referred to as *4 Kampe II*.

95.    *4 Kampe II* continues to mimic similar lyrics including "Cherie, ou sou sa kampe" in French ("Darling, let's do this in the standing position", which is repeated several times in *4 Kampe*.

96.    On certain platforms, the *4 Kampe II* is referred to as *Je Vais 4 Kampe II*.  As an example, see https://soundcloud.com/christopher-f-pygeol/je-vais-4-kampe, last visited on April 20, 2025.

97.    Defendants' unauthorized reproduction, distribution, public performance, display, and creation of *4 Kampe II* infringes on Rouzier's and B.E. Relations's exclusive rights in *Je Vais* in violation of the U.S Copyright Act, 17 U.S.C. §§ 101, et seq.

98.     The work *4 Kampe II* could not exist without the infringing portions of *Je Vais*.

99.    Defendant Dwèt Filé has admitted copying the music composition Je Vais in his work *4 Kampe,* and the same use of lyrics continues in *4 Kampe II.*

100.    By this claim, Plaintiffs Rouzier and B. E. Relations seek full payment for their sole and exclusive rights in the authorship of music and lyrics for *Je Vais* and the publishing and rights in the master sound recording of *Je Vais* since the date of the release of such work.

101.    At all relevant times, the Dwèt Filé and Burna Boy Defendants' conduct has been and continues to be knowing, willful, and intentional especially given Defendant Dwèt Filé's

admission to copying and sampling of *Je Vais* in *4 Kampe* and the Burna Boy Defendants' knowledge of Plaintiffs' claim prior to participating in the creation and release of *4 Kampe II.*

102.    As a direct and proximate result of Defendants' willful conduct, Plaintiffs Rouzier and B.E. Relations have suffered actual damages, including lost profits, lost opportunities, and loss of goodwill.

103.    Pursuant to 17 U.S.C. § 504(b), Plaintiffs Rouzier and B.E. Relations are entitled to actual damages, including disgorgement of Defendants' profits attributable to the infringement, as will be proven at trial.  In the alternative, pursuant to 17 U.S.C. § 504(c), Plaintiffs Rouzier and B.E. Relations are entitled to the maximum statutory damages of $150,000 per willful infringement. Pursuant to 17 U.S.C. § 505, Plaintiffs Rouzier and B.E. Relations also are entitled to their costs, including reasonable attorneys' fees and costs.

104.    Defendants herein are jointly and severally liable for willful copyright infringement as all have benefited from the copying of *Je Vais* and all have violated one or more of Plaintiffs' exclusive rights under Section 106 of the United States Copyright Act.

105.    Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs Rouzier and B.E. Relations irreparable injury that cannot be fully compensated or measured in monetary terms. They have no adequate remedy at law, and pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to declaratory relief and a preliminary and permanent injunction prohibiting the reproduction, distribution, sale, public performance, or other use or exploitation of the infringing work *4 Kampe II.*

## COUNT IV

**COPYRIGHT INFRINGEMENT AGAINST TONTON BICHA
FOR THE UNAUTHORIZED PERFORMANCES OF PORTIONS *JE VAIS*
IN CONNECTION WITH *4 KAMPE***

106.     The preceding paragraphs are realleged and incorporated herein by reference as if fully set forth herein.

107.     In 2002, Plaintiff Rouzier authored the music and lyrics for the original work *Je Vais*.

108.     In 2002, Plaintiff Rouzier produced, and he owns, the master sound recording for *Je Vais*.

109.     Plaintiff Rouzier is the rightful owner of the copyright in the musical composition, music and lyrics, and sound recording for *Je Vais*.  Plaintiff B.E. Relations is the publisher of Rouzier's music catalog.

110.     Plaintiff Rouzier registered the rights in the music composition, both music and lyrics, for *Je Vais*, Reg. No. PA 2-522-140, and in the sound recording for *Je Vais*, Reg. No. SR 1-025-328.

111.     In the music composition *4 Kampe*, Dwèt Filé substantially copied and sampled Rouzier's music composition *Je Vais* and the sound recording for such work in a manner that is easily recognizable to the ordinary observer.  Indeed, in certain places of *4 Kampe*, Dwèt Filé directly integrated portions of *Je Vais*.  Numerous reviews of *4 Kampe* have commented on its sampling of *Je Vais* and *4 Kampe's* substantial similarities to *Je Vais*.  Dwèt Filé has admitted to the copying and sampling of *Je Vais* in the work *4 Kampe.*

112.     On or about this past November 29, 2024, Defendant Dwèt Filé performed in Brooklyn, New York and featured the infringing *4 Kampe* musical composition as a part of his set. In addition, he also invited comedic actor Tonton Bicha, who had performed at Mr. Rouzier's

request in the Je Vais Music Video, to participate in the New York performance of *4 Kampe*.  Mr. Filé featured the infringing *4 Kampe* music composition in the New York performance and a video clip of the *4 Kampe* performance in New York on his Instagram page stating: "Thanks New York." Defendant Tonton Bicha has no authorization to perform any portion of the *Je Vais* musical composition and his performances infringe Plaintiff Rouzier's copyright interest in *Je Vais*.

113.    Defendant Dwèt Filé and the other Dwèt Filé Defendants have been involved in the exploitation, production, distribution, sale and public performance of the infringing *4 Kampe*.

114.    Tonton Bicha's unauthorized public performance of *Je Vais* infringes on Rouzier's and B.E. Relations's exclusive rights in the musical composition and sound recording of *Je Vais* in violation of the U.S Copyright Act, 17 U.S.C. §§ 101, et seq.

115.    By this claim, Plaintiffs Rouzier and B. E. Relations seek full payment for their sole and exclusive rights in the authorship of music and lyrics for *Je Vais* and the publishing and rights in the master sound recording of *Je Vais* as a result of Tonton Bicha's unauthorized performance of portions of *Je Vais* as part of the infringing musical composition *4 Kampe*.

116.    At all relevant times, Tonton Bicha's conduct has been and continues to be knowing and willful in violation of the Plaintiffs' rights.

117.    As a direct and proximate result of Tonton Bicha's willful conduct, Plaintiffs Rouzier and B.E. Relations have suffered actual damages, including lost profits, lost opportunities, and loss of goodwill.

118.    Pursuant to 17 U.S.C. § 504(b), Plaintiffs Rouzier and B.E. Relations are entitled to actual damages, including disgorgement of Tonton Bicha's profits attributable to the infringement, as will be proven at trial.  In the alternative, pursuant to 17 U.S.C. § 504(c), Plaintiffs Rouzier and B.E. Relations are entitled to the maximum statutory damages of $150,000 per willful

infringement. Pursuant to 17 U.S.C. § 505, Plaintiffs Rouzier and B.E. Relations also are entitled to their costs, including reasonable attorneys' fees and costs.

119.    Tonton Bicha's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs Rouzier and B.E. Relations irreparable injury that cannot be fully compensated or measured in monetary terms. They have no adequate remedy at law, and pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to declaratory relief and a preliminary and permanent injunction prohibiting the Tonton Bicha's from publicly performing *Je Vais* or any portions thereof without the prior written consent of Plaintiffs.

## COUNT V

### PLAINTIFF ROUZIER'S CLAIM FOR VIOLATION OF CIV. RIGHTS LAW §§ 50 AND 51 AGAINST THE DWÈT FILÉ DEFENDANTS

120.    The preceding paragraphs are realleged and incorporated herein by reference as if fully set forth herein.

121.    Plaintiff Rouzier has the legal right to control the use of his persona and image.

122.    Images of Plaintiff Rouzier are contained in the Je Vais Music Video. Plaintiff Rouzier is clearly recognizable in the video, including several full frame shots of Rouzier.

123.    Defendant Dwèt Filé and the other Dwèt Filé Defendants incorporated into the 4 Kampe Music Video portions of the Je Vais Music Video, including a portion that contains a full frame image of Plaintiff Rouzier. Plaintiff Rouzier is recognizable in the 4 Kampe Music Video.

124.    The 4 Kampe Music Video -- containing the unauthorized use of Plaintiff Rouzier's image -- was released close in time to the release of the *4 Kampe* music composition for advertising purposes for *4 Kampe* and to encourage the worldwide streaming and sales of *4 Kampe*.

125.    The use of Plaintiff Rouzier's image in the 4 Kampe Music Video was made without the written consent, approval or permission of Plaintiff Rouzier, who had no knowledge of the intended use of his image.

126.    Plaintiff Rouzier's image has been intentionally used for advertising purposes within the State of New York.

127.    Plaintiff Rouzier's image was commercially used in the 4 Kampe Music Video knowingly and willfully in disregard Plaintiff Rouzier's rights in order for the Defendant Dwèt Filé and the other Dwèt Filé Defendants to financially benefit from the advertising of their music due to its link to Mr. Rouzier's classic work on the *Je Vais* music composition.

128.    By this claim, Plaintiff Rouzier seeks an award of compensatory damages and exemplary damages jointly and severally against Defendant Dwèt Filé and the other Dwèt Filé Defendants. In addition, Plaintiff Rouzier seeks an order permanently enjoining Defendant Dwèt Filé and the other Dwèt Filé Defendants and their agents and all others in privity with them from using Plaintiff Rouzier's persona, image and likeness in connection with *4 Kampe* and *4 Kampe II* and an order destroying all copies of such video.  Plaintiff Rouzier also seeks an award of reasonable attorneys' fees, costs and such other relief as the Court seems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as set forth in this Complaint, and for such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all issues triable by a jury.

New York, New York
Dated: April 22, 2025

**BRENNAN LAW FIRM PLLC**


By: _Kerry A. Brennan_
     Kerry A. Brennan
116 West 23rd Street
New York, New York 10011
212.729.1980
kerry.brennan@brennanlawpllc.com