**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

FABRICE ROUZIER, an individual, and B.E. RELATIONS, LLC, a New York limited liability company,

                Plaintiffs,

v.

JOE GILLES a/k/a JOÉ DWÈT FILÉ, DF EMPIRE, PLAY TWO, DAMINI OGULU a/k/a BURNA BOY, ATLANTIC RECORDS GROUP, UNIVERSAL MUSIC PUBLISHING FRANCE, and DANIEL FILS AIMÉ a/k/a TONTON BICHA,

                Defendants.

Case No.    1:25-cv-2226-NCM-CLP

---

### DEFENDANT DANIEL FILS AIMÉ'S MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF VACATING CLERK'S DEFAULT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(c)

Daniel Fils Aimé
8590 Nadmar Ave.,
Boca Raton, FL 33434
EMAIL: mytontonbicha@gmail.com
PHONE: (561)501-9265

## INTRODUCTION

Defendant, Daniel Fils Aimé ("Defendant Fils Aimé"),[1] proceeding *pro se*, respectfully submits this motion and incorporated memorandum of law in support of vacating the Clerk's Default (ECF No. 32) pursuant to Federal Rule of Civil Procedure 55(c). In support, Defendant states:

**I.    RELEVANT FACTS**

---

[1] The caption in this case features a misnomer, as the caption incorrectly uses the initialism "a/k/a" to name Defendant Fils Aimé. Defendant Fils Aimé's proper initialism is "professionally known as" or "p/k/a" because he has appeared in over 150 works (films, various television shows, music videos, musical collaborations with several Haitian groups: concerts, stage and radio productions) predominately in Haiti, but also in the United States, Europe and Canada. His appearances and success were achieved under the stage name "Tonton Bicha"— a professional alias. Therefore, Defendant Fils Aimé respectfully requests that this Court order that the caption be corrected to reflect the Parties' proper names.

1.  Defendant Fils Aimé's primary and native language is Creole. *See* Declaration of Daniel Fils Aimé ("Aimé Decl."), ¶ 2, attached hereto as **Exhibit A**. His ability to communicate in English is extremely limited. *See id*.

2.  On April 22, 2025, Plaintiffs filed this action against Defendants to litigate claims of alleged copyright infringement and alleged violations of N.Y. Civ. Rights Law §§ 50–51. (ECF No. 1.)

3.  On May 30, 2025, Plaintiffs filed a "Return of Service" indicating Defendant Fils Aimé was served with a copy of the complaint and summons on May 20, 2025. (ECF No. 23.)

4.  After being served, Defendant Fils Aimé immediately began meeting with and interviewing various attorneys to determine which firm would be the best fit in terms of advocacy and cost-effectiveness. *See* Aimé Decl. ¶ 4.

5.  In or about June 2025, Defendant Fils Aimé obtained limited assistance from an attorney, without formally securing representation, to extend his deadline to respond to the Complaint in this matter. *See* Aimé Decl. ¶ 5.

6.  Defendant Fils Aimé's deadline to respond to the Complaint originally ran on June 10, 2025.

7.  However, Defendant Fils Aimé's language barrier and other circumstances beyond his control prevented him from retaining counsel until July 9, 2025. *See* Aimé Decl. ¶ 6. On July 9, 2025, Defendant Fils Aimé retained counsel for the limited purpose of coordinating discussions on early resolution of this matter. *See* Aimé Decl. ¶ 6-7.

8.  That same day, Defendant Fils Aimé's counsel contacted Kerry A. Brennan, Plaintiffs' counsel, to schedule an informal meet and confer regarding this matter.

9. On July 10, 2025, Defendant Fils Aimé's counsel and Plaintiffs' counsel held the telephonic conference. In an email following the conference, Defendant Fils Aimé's counsel requested additional time to respond to Plaintiffs' counsel because a member of Defendant Fils Aimé's litigation team was out of the country with limited resources.

10. Plaintiffs' counsel responded shortly after, denying the request made by Defendant Fils Aimé's counsel. Instead, Plaintiffs' counsel demanded a meaningful response by July 14, 2025.

11. Defendant Fils Aimé's counsel promptly responded to the email from Plaintiffs' counsel, again requesting additional time.

12. On July 14, 2025, Defendant Fils Aimé's counsel emailed a letter to Plaintiffs' counsel pursuant to Federal Rule of Civil Procedure 408. Without divulging any privileged information, Defendant Fils Aimé's counsel requested that "any further action with the court be suspended, and a voluntary extension" be requested by Plaintiff from the Court until July 28, 2025. *See* **Exhibit B**, filed under seal.

13. Plaintiffs' counsel responded the next day, rejecting the request by Defendant Fils Aimé's counsel.

14. Defendant Fils Aimé's counsel immediately responded by email, asking for an explanation.

15. Plaintiffs' counsel moved for Clerk's Default against Defendant Fils Aimé nine (9) days later, wherein she represented to this Court that "No further extension of the deadline to respond to the Complaint was requested or extended." (ECF No. 31.)

16. On July 24, 2025, a Clerk's Default was entered against Defendant Fils Aimé. (ECF No. 32.)

17. Defendant Fils Aimé files this Motion and Incorporated Memorandum of Law to vacate the Clerk's Default entered on July 24, 2025.

## II. LEGAL STANDARD

The Federal Rules state that "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "Relief from default under Rule 55(c) is to be granted at the discretion of the court upon consideration of the individual circumstances of the case and the credibility and good faith of the parties." *See Weisel v. Pischel*, 197 F.R.D. 231, 238 (E.D.N.Y. 2000). While good cause is not defined, the Second Circuit has empowered district courts to consider "(1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded." *See State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 455 (2d Cir. 2011) (citing *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993)). In considering these factors, if "'doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.'" "However, [t]hese criteria must be construed in light of the Second Circuit's strong preference for resolving disputes on the merits." *E. Sav. Bank, FSB v. Johnson*, No. 13 CV 6070 (AMD) (ST), 2020 WL 1452461, at *2 (E.D.N.Y. Mar. 25, 2020) (citation modified).

## III. ARGUMENT

Defendant Fils Aimé respectfully submits that good cause exists to vacate the Clerk's Default because his default was not willful, there is a meritorious defense to liability in this action, and any prejudice to Plaintiffs was caused by their own refusal to grant Defendant Fils Aimé an extension of time.

### A. DEFENDANT'S AIMÉ DELAY IN RESPONDING TO THE COMPLAINT WAS NOT WILLFUL

The first factor in determining whether to vacate a default judgment under Rule 55(c) requires the court to determine whether there is evidence of "more than mere negligence" on the part of the defendant in defaulting." *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010). "The test for willfulness in this context is not simply whether a defendant was properly served and failed to respond." *See Am. Transit Ins. Co. v. Pierre*, No. 24 CV 360 (RPK) (CLP), 2024 WL 4648141, at *3 (E.D.N.Y. Aug. 27, 2024), *report and recommendation adopted*, No. 24-CV-360 (RPK) (CLP), 2025 WL 863865 (E.D.N.Y. Mar. 19, 2025). Rather, district courts in this Circuit, refuse to find willfulness where the defendant: (1) acted "negligent or careless," *see Bank of New York Mellon v. Hatter*, No. 14 CV 1024, 2017 WL 11724909 at *2 (E.D.N.Y. Dec. 21, 2017); (2) recently retained counsel, *see Swarna*, 622 F.3d at 143; (3) was unrepresented when served and demonstrated diligent efforts to retain counsel, *see Martinez v. Feliks & Sons Storage Tank Corp.*, No. 21 CV 3613, 2022 WL 18859073 at *7 (E.D.N.Y. Nov. 1, 2022); (4) was genuinely confused about procedure or litigation. *See Springs v. Clements*, 202 F.R.D. 387, 394 (E.D.N.Y. 2001).

Here, Defendant Fils Aimé took immediate action when he became aware of Plaintiffs' complaint by consulting with prospective counsel on May 20, 2025. *See Aetna*, 2004 WL 2389824, at *4. Defendant Fils Aimé continued to exercise diligence by securing the assistance of counsel to obtain an extension in June 2025, before the deadline to respond to the Complaint expired. *See* Aimé Decl. ¶¶ 2-9. Based on his language barriers, Defendant Fils Aimé did not understand his response timeline or that he was only granted a seven (7) day extension by Plaintiffs' counsel. *See* Aimé Decl. ¶¶ 2-3; *Springs*, 202 F.R.D. at 394.

Any argument of willfulness is further belied by the fact that Defendant Fils Aimé continued to meet with attorneys until he secured representation on July 9, 2025. Here, as in

*Martinez*, Defendant Fils Aimé was unrepresented by counsel when he was served with the complaint. *See* 2022 WL 18859073 at *7. Additionally, Defendant Fils Aimé's counsel attempted to negotiate on his behalf to excuse his default and permit him time to file a response to the Complaint, see *Am. Transit Ins. Co.*, 2024 WL 4648141, at *5 (rejecting willfulness argument because the delay "can be explained by the fact that Pierre's counsel first attempted to negotiate with plaintiff's counsel to obtain a voluntary vacatur of default in exchange for the costs of moving for default before "seek[ing] court intervention"), but it was Plaintiffs' counsel who forced the default. *See also* Aimé Decl. ¶ 8.

For these reasons, Defendant Fils Aimé respectfully submits that his actions do not demonstrate willfulness. Therefore, this Court should find that this factor weighs in favor of vacating the Clerk's default.

### B. DEFENDANT FILS AIMÉ HAS A MERITORIOUS DEFENSE

The second factor in determining whether to vacate a default judgment under Rule 55(c) requires the court to determine whether the defendant has presented a defense that is "meritorious" in that "it is good at law so as to give the factfinder some determination to make." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). "To satisfy the criterion of a meritorious defense, the defense need not be ultimately persuasive at this stage." *See id.* The movant "need only meet a low threshold to satisfy this factor." *See Williams v. Russo's Payroll Grp., Inc.*, No. 21CV2922EKCLP, 2022 WL 4642174, at *7 (E.D.N.Y. Aug. 4, 2022) (citation modified), *report and recommendation adopted*, No. 21-CV-2922(EK)(CLP), 2022 WL 4663389 (E.D.N.Y. Sept. 30, 2022).

The Second Circuit has long recognized that joint ownership is an affirmative defense to copyright infringement. *See Jerry Vogel Music Co. v. Forster Music Publisher*, 147 F.2d 614, 615

(2d Cir. 1945); *Medforms, Inc. v. Healthcare Mgmt. Sols., Inc.*, 290 F.3d 98, 115 (2d Cir. 2002). To properly establish a joint ownership defense, "a party seeking to contest ownership must put forward specific evidence that rebuts the presumption of validity which attaches to a duly issue registration." *See Complex Sys., Inc. v. ABN Ambro Bank N.V.*, 979 F. Supp. 2d 456, 470 (S.D.N.Y. 2013) (citation modified). The Second Circuit has determined that the presumption of validity afforded a copyright registration may be rebutted by proof of deliberate misrepresentations."

Here, Defendant Fils Aimé can establish that he is a joint owner of the copyright at issue in this case. Defendant Fils Aimé has evidence from 2002, establishing that he and two (2) other writers were invited to perform the song at issue, "Je Vais" (the "Song"). *See* Aimé Decl. ¶ 10. Defendant Fils Aimé's writing and his performance of an original skit were used to create the final rendition of the Song. *See* Aimé Decl. ¶ 11. Defendant Fils Aimé indeed contributed a significant amount of the lyrics within the Song, which established to Plaintiffs and all others involved that Defendant Fils Aimé and Plaintiffs were joint authors. *See* Aimé Decl. ¶ 12. Now that Plaintiffs have sought leave to file an amended complaint to attach the copyright registration, which they deceptively obtained, Defendant Fils Aimé's testimony and independent files will be used to demonstrate that Plaintiffs made deliberate factual misrepresentations to the U.S. Copyright Office in order to obtain the copyright to the Song. *See Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 456 n.7 (2d Cir. 1989) (collecting cases); *FEMA Test Answers, LLC v. Smith*, No. 22-CV-1108 (MKB), 2024 WL 3178705, at *5 (E.D.N.Y. June 26, 2024) (collecting cases); Aimé Decl. ¶ 13.

Accordingly, the Court should find that this factor also weighs in favor of Defendant Fils Aimé.

### C. PLAINTIFFS CANNOT ESTABLISH UNDUE PREJUDICE

The final factor in determining whether to vacate a default judgment under Rule 55(c) requires the court to determine "whether a vacatur would cause prejudice to the plaintiff." See *Am. Transit Ins. Co.*, 2024 WL 4648141, at *7. Courts must determine if, in addition to a delay, the vacatur will cause the loss of evidence, create increased difficulties for discovery, or provide greater opportunity for fraud and collusion." *See id.*

Here, Plaintiffs cannot demonstrate prejudice for a number of reasons. First, Plaintiffs cannot show that setting aside the default will "cause the loss of evidence or create increased difficulties for discovery." *See Am. Transit Ins. Co.*, 2024 WL 4648141, at *7. Second, Plaintiffs cannot show that there has been anything greater than an insignificant delay in this case, as an amended pleading is forthcoming and very little, if any, discovery has occurred. *See Green Mountain Holdings (Cayman) Ltd. v. Eddington Link, LLC*, No. 21 CV 01729 (EK) (CLP), 2024 WL 4209722, at *7 (E.D.N.Y. Aug. 16, 2024) (delay alone is insufficient to establish prejudice); *Sacks v. Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2006-3*, No. 12CV6338LDWSIL, 2016 WL 11480710, at *7 (E.D.N.Y. Aug. 15, 2016) (plaintiff had not advanced the litigation in a manner to suggest prejudice), *report and recommendation adopted sub nom. Sacks v. Deutsche Bank Nat'l Tr. Co.*, No. CV 12-6338, 2016 WL 5338540 (E.D.N.Y. Sept. 23, 2016). Third, the time or cost to oppose a motion to vacate is insufficient to establish prejudice. *See Hernandez v. La Cazuela de Mari Rest., Inc.,* 538 F.Supp.2d 528, 534 (E.D.N.Y. 2007); *Gesualdi v. Gayle Bard Landscapes, Inc.*, No. 10 CV 5762 ARR LB, 2011 WL 2457882, at *3 (E.D.N.Y. May 31, 2011), *report and recommendation adopted*, No. 10-CV-5762 ARR/LB, 2011 WL 2432936 (E.D.N.Y. June 16, 2011). Fourth, any claim of prejudice is further belied by the fact that many defendants in this case have appeared and stand prepared to challenge Plaintiffs'

claims through dispositive motion practice, which arguments Defendant Fils Aimé could very likely join. *See Williams*, 2022 WL 4642174, at *8. Fifth and finally, equity prevents Plaintiffs from claiming prejudice when they refused to grant the request made by Defendant Fils Aimé's counsel to avoid default.

Accordingly, the Court should find that this factor also weighs in favor of Defendant Fils Aimé.

### IV. CONCLUSION

For the foregoing reasons, Defendant Fils Aimé respectfully submits that good cause exists for the certificate of default against Defendant Fils Aimé to be vacated, such that this case may be decided on the merits as the Second Circuit prefers.

Dated: September 9, 2025

Respectfully submitted,

/s/ Daniel Fils Aimé
Daniel Fils Aimé
8590 Nadmar Ave.,
Boca Raton, FL 33434
EMAIL: mytontonbicha@gmail.com
PHONE: (561)501-9265
Prepared with assistance of counsel